UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:19-cr-00126-JMS-TAB-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| EMERY BROWN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cr-00126-JMS-TAB |
| ) | |
| EMERY BROWN, ) | -01 |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant Emery Brown has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkts. 48, 52, 53. Mr. Brown seeks immediate release from incarceration. *Id.* For the reasons explained below, his motion is **DENIED**.

**I. Background**

In January 2020, Mr. Brown pled guilty to: (1) one count of possession with intent to distribute 100 grams or more of a mixture containing heroin, in violation of 21 U.S.C. § 841(a)(1); and (2) one count of possession with intent to distribute 50 grams or more of a methamphetamine mixture, in violation of 21 U.S.C. § 841(a)(1). Dkts. 44, 45. The Court sentenced Mr. Brown to 66 months of imprisonment and imposed 54 months of supervised release. Dkt. 45. Mr. Brown is 40 years old. He is currently incarcerated at the Federal Medical Center ("FMC") in Lexington, Kentucky. As of January 7, 2021, the Bureau of Prisons ("BOP") reports that 424 inmates and 10 staff members at FMC Lexington have active cases of COVID-19; it also reports that 284 inmates at FMC Lexington have recovered from COVID-19 and that 9 inmates at FMC Lexington have died from the virus. https://www.bop.gov/coronavirus/ (last visited Jan. 7, 2021). Mr. Brown

2

represents that he has been in custody since March 2019. Dkt. 52 at 2. The BOP gives his projected release date with good credit time as November 24, 2023. *Id.* Mr. Brown initially filed a pro se motion for compassionate release, dkt. 48, and the Court appointed counsel to represent him, dkt. 49. Appointed counsel filed a supporting memorandum and additional documents, dkts. 52, 53, 55, the United States responded, dkt. 59, and Mr. Brown replied, dkt. 60. Thus, the motion is now ripe for decision.

**II. Discussion**

Mr. Brown seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 52. Mr. Brown tested positive for COVID-19 on December 10, 2020. Dkt. 55-1 at 1. In a notification to the Court regarding his status, counsel for Mr. Brown states that he is "experiencing symptoms," but provides no further information about the type, severity or duration of said symptoms. *Id.* Instead, he contends that extraordinary and compelling reasons warrant Mr. Brown's immediate release because his medical diagnoses of hypertension and obesity increase his risk of experiencing severe symptoms. Dkt. 60 at 1.[1] In response, the United States argues that Mr. Brown has not presented an extraordinary and compelling reason warranting a sentence reduction; he would pose a danger to the safety of the community if released; and the sentencing factors in 18 U.S.C. § 3553(a) do not favor release. Dkt. 59.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence

---

[1] The Court notes that even though his COVID-positive test result is dated December 10, 2020, it would appear that Mr. Brown and/or his counsel were not informed of said result until later, as counsel's December 14th Memorandum focuses only on the dangers Mr. Brown faces *if* he were to become infected. *See* dkt. 52. It was not until counsel's December 16th supplemental notice and reply where Mr. Brown acknowledged and addressed his COVID diagnosis and related arguments. Dkts. 55, 60.

3

upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[2] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

---

[2] This Court has held that the administrative exhaustion requirement is not jurisdictional and, thus, that the United States can waive it. *See United States v. Cox*, No. 4:18-cr-17-TWP-VTW-1, 2020 WL 1923220, at *3 (S.D. Ind. Apr. 21, 2020); *United States v. Jackson*, No. 2:15-cr-00013-JMS-CMM-1, Dkt. 137 (S.D. Ind. Apr. 28, 2020). The United States does not argue that Mr. Brown failed to exhaust his administrative remedies. *See generally* dkt. 59. Thus, even if Mr. Brown has not exhausted his administrative remedies as required by § 3582(c)(1)(A), the Court concludes that the United States has waived the exhaustion requirement.

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the

5

reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . ."). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Brown does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 provide him with an extraordinary and compelling reason warranting release. *See* dkt. 52 at 9-19.

Instead, he asks the Court to exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case. *Id.* The Court declines to do so.[3]

The risk that Mr. Brown faces from the COVID-19 pandemic is not an extraordinary and compelling reason to release him. Mr. Brown claims to have medical conditions (including obesity and hypertension) that put him at an increased risk of experiencing severe symptoms if he contracts COVID-19.[4] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 7, 2021). But Mr. Brown contracted COVID-19 about one month ago. While he stated that he was "experiencing symptoms," he provides no further description of his condition. As has been well-documented, the symptoms individuals can experience from this disease vary substantially. Without any other information, the Court can only surmise that Mr. Brown is not suffering severe symptoms or side effects from the virus. Accordingly, he has not shown extraordinary and compelling reasons warranting a sentence reduction. *See, e.g.*, *United States v. Weatherspoon*, No. 2:11-cr-9-JMS-CMM-07, dkt. 894 (S.D. Ind. July 7, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had been hospitalized after testing positive for COVID-19, but had since recovered); *United States v. Wyatt*, No. 3:17-cr-11-RLY-MPB-02, dkt. 165 (S.D. Ind. Sept. 3, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had tested

---

[3] In keeping with the Seventh Circuit's instruction in *Gunn*, 980 F.3d at 1180-81, the Court has considered the rationale provided by Mr. Brown's warden in denying Mr. Brown's administrative request for relief. The warden denied Mr. Brown's administrative request for relief before Mr. Brown tested positive for COVID-19. *See* dkt. 52-5 at 1. Thus, the warden's decision provides little guidance to the Court's analysis.

[4] The Court notes that while obesity is on the CDC's list of those conditions which increase the risk of severe illness from COVID, hypertension is a condition which only "might" increase the risk of severe illness. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 7, 2021).

7

positive for COVID-19 but remained asymptomatic); *United States v. VanBuren*, No. 2:13-cr-16-JMS-CMM-01, dkt. 701 (S.D. Ind. Nov. 25, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 and had tested positive but only had a non-severe cough and a short-lived fever).

To the extent Mr. Brown's reply can be read to suggest that the possibility of reinfection constitutes an extraordinary and compelling reason warranting release, the result does not change. The Court recognizes that FMC Lexington is currently experiencing a large outbreak of COVID-19. But any reliance on the possibility that Mr. Brown will be reinfected and suffer severe symptoms is speculative. *See* https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/quarantine.html (last visited Jan. 8, 2021) ("Cases of reinfection of COVID-19 have been reported but are rare."). To date, this Court has declined to find extraordinary and compelling circumstances warranting a sentence reduction when a defendant has experienced a mild case of COVID-19 or recovered from COVID-19—even when that defendant has risk factors for severe symptoms. *See*, *e.g.*, *Wyatt*, No. 3:17-cr-11-RLY-MPB-02, dkt. 165 (S.D. Ind. Sept. 3, 2020); *United States v. Gevirtz*, No. 1:17-cr-68-RLY-MJD-01, dkt. 68 (S.D. Ind. Sept. 14, 2020); *United States v. Young*, No. 1:10-cr-3-SEB-DML-17, dkt. 1540 (S.D. Ind. July 27, 2020); *United States v. Swain*, No. 2:15-cr-19-JMS-CMM-06, dkt. 781 (S.D. Ind. June 3, 2020).

Given the Court's determination that Mr. Brown has not shown extraordinary and compelling reasons to justify his release, whether Mr. Brown is a danger to the community and whether the § 3553(a) factors weigh in favor of his release need not be discussed at length. Nonetheless, the Court concludes that the § 3553(a) factors also weigh against his release. Mr. Brown pled guilty to possession with intent to distribute significant quantities of methamphetamine and heroin. Dkt. 37 at 4. During a search of his residence, law enforcement

officers found 214 grams of heroin, 89 grams of methamphetamines and a gun, which Mr. Brown later admitted were his. Dkt. 43. His crimes were serious and warranted a serious sentence. Mr. Brown's criminal history includes other drug-related offenses, including one for which he was on probation when he committed the violations in this matter. Dkt. 37 at 8-10. Moreover, Mr. Brown has served only approximately forty percent of his sentence. The Court sentenced Mr. Brown less than a year ago and determined that a 66-month sentence was appropriate. Since that time, the only thing that has changed substantially is that Mr. Brown contracted COVID-19, apparently without experiencing severe symptoms. As a result, the Court cannot find that any risk Mr. Brown faces from COVID-19 warrants releasing him from incarceration at this time. *See United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence).

### III. Conclusion

For the reasons stated above, Mr. Brown's motion for compassionate release, dkt. [48], is **denied**.

**IT IS SO ORDERED.**

Date: 1/11/2021

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

9